**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JERRY EDWARD AARON MAKIN,**

  *Plaintiff,*

**v.**                                                                      **Case No.  SA-26-CV-01109-JKP**

**THE TITLES OF NOBILITY, FREI-**
**HERR VON WILDENAU, HERR VON**
**WILDENAU,**

  *Defendants.*

**O R D E R**

Before the Court is Petitioner Jerry Edward Aaron Makin's Motion for Summary Judgment, (*ECF No. 7*). Upon consideration, the Motion, (*ECF No. 7*), is denied.

"[I]n the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *Konecny v. U.S. Small Bus. Administration*, No. 4:22-CV-00445, 2023 WL 2472633, at *2 (E.D. Tex. Feb. 14, 2023), *R. & R. adopted,* No. 4:22-CV-00445, 2023 WL 2465775 (E.D. Tex. Mar. 9, 2023) (collecting cases).

Here, Petitioner's Motion for Summary Judgment, (*ECF No. 7*), is premature. Respondents "The Titles of Nobility, Freiherr von Wildenau and Herr von Wildenau" have not yet been served or had an opportunity to respond.

## I.   Service of Petition

In Petitioner's Petition, he states "this is an action falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), implemented by Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 et seq." *See ECF No. 1 at 2*. While unaddressed as of yet in the Fifth Circuit, the Court reproduces an analysis of service of process in this context from the Second Circuit Court of Appeals:

> To understand how service must be made on an instrumentality of a foreign government in a proceeding to confirm a foreign arbitral award, we must consider a series of cross-references involving the FAA [Federal Arbitration Act, 9 U.S.C. §§ 201–208 ("FAA")], the Federal Rules of Civil Procedure, and the FSIA [Foreign Sovereign Immunities Act, 28 U.S.C. § 1608 ("FSIA")]

> Our starting point is Chapter 2 of the FAA, which codifies enforcement of foreign arbitral awards under the New York Convention. Chapter 2 instructs parties on how to file an application to confirm such an award, and how to defend against confirmation, but it does not lay out any rules for service of process. Section 207 authorizes a party to "apply" to a competent court "for an order confirming [an] award." 9 U.S.C. § 207. Such an application must be confirmed unless the court finds "one of the grounds for refusal or deferral of recognition or enforcement of the award specified" in the New York Convention. *Id.* But aside from requiring the party to file its application to confirm, neither Chapter 2 nor the New York Convention specifies how an adverse litigant must be notified of the new proceeding.

> To fill that gap, Chapter 2 resorts (with some caveats) to the rules governing domestic arbitral awards set forth in Chapter 1 of the FAA. Specifically, § 208 incorporates the provisions of Chapter 1, though only "to the extent that [Chapter 1] is not in conflict with [Chapter 2] or the Convention as ratified by the United States." 9 U.S.C. § 208. One of these incorporated provisions is § 9 of the FAA, which sets forth the procedure for confirming domestic awards, including service-of-process rules. Section 9 tells us that "[i]f the adverse party shall be a nonresident [of the district within which the award was made], then the *notice of the application* shall be served by the marshal of any district within which the adverse party may be found *in like manner as other process of the court.*" 9 U.S.C. § 9 (emphasis added). As the italicized language indicates, § 9 specifies both *what* is to be served ("notice of the application") and *how* it is to be served ("in like manner as other process of the court"). But that latter phrase—"in like manner as other process of the court"—requires us to look elsewhere to understand how "other process" is carried out.[6]

Thus, we turn to the Federal Rules of Civil Procedure, which establish the general mode of serving process in federal courts. It is well established that—with one important qualification—Rule 4 sets forth the basic procedures for serving process in connection with arbitral awards. *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971) ("The phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed. R. Civ. P. 4 on the accomplishment of appropriate service[.]"). That qualification, however, is set forth in Rule 81, which provides that the Federal Rules of Civil Procedure, "to the extent applicable, govern proceedings under the [FAA], except as [that] law[ ] provide[s] other procedures." Fed. R. Civ. P. 81(a)(6)(B). And so our next question is how Rule 4, only to the extent consistent with the FAA, directs service of process in the circumstances before us.

. . .

[Because respondent was an instrumentality of a foreign state, the court proceeded to look to Federal Rule of Civil Procedure 4(j), which describes various methods of service on foreign instrumentalities or agencies]

. . .

Thus, we hold that the New York Convention and the FAA require only service of notice of the application to confirm a foreign arbitral award, and not also a summons.[7]

*Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 811–814 (2d Cir. 2022). The Court notes, however, that "[w]hat constitutes proper service in a federal action to confirm an arbitration award has been debated in a number of recent opinions." *Magual v. Dager*, No. 1:23-CV-23491, 2024 WL 4465529, at *3 (S.D. Fla. Aug. 15, 2024), *R. & R. adopted*, No. 23-CV-23491, 2024 WL 4023140 (S.D. Fla. Sept. 3, 2024) (collecting cases). The cases nonetheless recognize, however, that "at a minimum, some form of service is required." *Magual v. Dager*, No. 23-CV-23491, 2024 WL 4023140, at *2 (S.D. Fla. Sept. 3, 2024).

Here, there is no indication from Petitioner he has served or caused to be served "the notice of the application." 9 U.S.C. § 9. The Court notes it is unclear whether Respondents "The Titles of Nobility, Freiherr von Wildenau and Herr von Wildenau" are individuals in a foreign country or instrumentalities of a foreign state. *See ECF No. 1*. In *Commodities*, the Respondents

3

were instrumentalities of a foreign state, and therefore the court looked to Federal Rule of Civil Procedure 4(j) to fill gaps in the permissible manner of serving "the notice of the application." *See Commodities*, 49 F.4th at 813; *see also* 9 U.S.C. § 9. Whether Respondents "The Titles of Nobility, Freiherr von Wildenau and Herr von Wildenau" are individuals in a foreign country and therefore Federal Rule of Civil Procedure 4(f) should apply, therefore, is unclear. Regarding individuals in a foreign country, the Court notes Federal Rule of Civil Procedure 4(f) states:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > **(C)** unless prohibited by the foreign country's law, by:
> >
> > > **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Accordingly, given the service deficiencies detailed above, including that there is no indication from Petitioner he has served or caused to be served "the notice of the application," Petitioner's Motion, (*ECF No. 7*), is **DENIED**. *See* 9 U.S.C. § 9.

It is so ORDERED.
SIGNED this 25th day of April, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

5